IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICARDA PRICE**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-2202-L** |
| | § | |
| **BLANCA ESTELA MARTINEZ GARCIA,** | § | |
| **AS REPRESENTATIVE OF THE** | § | |
| **ESTATE OF GONZALO ORANTES**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Blanca Estela Martinez Garcia, as Representative of the Estate of Gonzalo Orantes's Motion for a More Definite Statement and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, filed December 13, 2010; and Plaintiff Ricarda Price's Objection to Martinez's Counterclaim and Crossclaim and Subject Thereto, Answer to Counterclaim and Cross-Claim, filed April 11, 2011. After careful consideration of the motion, response, brief, and applicable law, the court **denies** Defendant's Motion for a More Definite Statement and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and **sustains** Plaintiff Ricarda Price's Objection to Martinez's Counterclaim and Crossclaim.

**I.    Background**

On November 2, 2010, State Farm Life Insurance Company ("State Farm") filed its Original Complaint for Interpleader against Plaintiff Ricarda Price ("Price" or "Plaintiff") and Defendant Blanca Estela Martinez Garcia, as Representative of the Estate of Gonzalo Orantes ("Defendant" or "Garcia"). State Farm, a Illinois corporation with its principal place of business in Illinois, issued an insurance policy ("Policy") for $500,000 to Gonzalo Orantes ("Orantes") on December 19, 2008.

**Memorandum Opinion and Order- Page 1**

On October 3, 2009, Orantes died from multiple gunshot wounds. On the date of Orantes's death, Price was listed as the beneficiary of the Policy. On March 16, 2010, Price reported Orantes's death, presented a death certificate, and made a claim for the death benefits under the Policy. The Grand Prairie Police Department advised State Farm that Price was a "person of interest" regarding to Orantes's homicide. On March 3, 2010, State Farm received notification that Garcia was making an adverse claim for death benefits under the Policy on behalf of Orantes's minor children, J.G.O. and R.G.O.

In its Complaint for Interpleader, State Farm admitted that it was contractually obligated to disburse the death benefits payable under the Policy to the appropriate beneficiary. In order to satisfy its obligation and to protect itself against multiple and possibly inconsistent claims, State Farm filed this interpleader action as a stakeholder with no interest in the proceeds of the Policy, other than to properly pay the death benefit. On December 15, 2010, the court discharged State Farm from the lawsuit.

On November 23, 2010, Plaintiff filed her Answer, Counterclaim, and Crossclaim, asserting that she is entitled to the entire $500,000 plus applicable interest. On December 7, 2010, Defendant filed her Original Answer to Complaint for Interpleader. On December 13, 2010, Defendant filed a Motion for a More Definite Statement and Motion to Dismiss Plaintiff's Answer, Counterclaim, and Crossclaim. On March 22, 2011, Defendant filed her Original Counterclaim and Crossclaim as Representative of the Estate of Gonzalo Orantes, and as Next Friend of Her Minor Children, R.A.O. and J.G.O., against Defendant Ricarda Price. Plaintiff filed her Objection to Martinez's Counterclaim and Cross Claim and Subject Thereto, Answer to Counterclaim and Cross-Claim on April 11, 2011.

**Memorandum Opinion and Order- Page 2**

## II. Discussion

### A. Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendant contends that Plaintiff failed to provide the underlying support for certain allegations and requests a more definite statement. The court, however, does not believe that it should order Plaintiff to file a more definite statement. First, the rule is framed in terms of a party being unable to "reasonably prepare a response." Defendant has filed an answer, which is a responsive pleading and informs the court that she *was* able to fashion a response. This alone is sufficient to defeat the motion. Moreover, what Defendant seeks, or believes is unclear, can easily be obtained through the discovery process. Accordingly, the court will deny Defendant's Motion for a More Definite Statement.

### B. Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

Defendant contends that Plaintiff fails to plead facts to clearly assert a cross-claim against any particular party or entity. Defendant contends that Price's pleadings reference "Cross-Defendant" but does not provide the identify of the Cross-Defendant. Further, Defendant contends that the pleading fails to comply with Rule 8(a) because it does not contain a plain statement of the claim showing that the pleader is entitled to relief. As a result, Defendant contends that Plaintiff fails to sufficiently state any claim against Defendant upon which relief can be granted. Plaintiff counters that she has sufficiently pleaded a claim for her right to benefits under the Policy. Plaintiff responds she is entitled to the proceeds because she is the named beneficiary under the Policy whose proceeds were interpleaded and deposited into the court's registry.

In light of the standard and Rule 8(a), the court determines that Price's allegations meet the minimum pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's pleading

adequately states a claim upon which relief can be granted. Any other alleged deficiency can be addressed during the discovery process. Accordingly, the court will deny the Defendant's Motion to Dismiss.

### C. Plaintiff's Objections

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff objects to Defendant's March 22, 2011 Original Counterclaim and Crossclaim against Plaintiff Ricarda Price. Rule 15(a) provides:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1),(2). Plaintiff contends that she did not consent to the pleading and that Martinez did not seek leave of the court to file the pleading. The court agrees. Defendant did not comply with this rule in any respect. Defendant did not amend within the 21 day-period of any subsection, obtain the opposing party's written consent, or obtain leave from the court. In light of Rule 15(a)(1),(2), the court determines that Defendant failed to comply with Rule 15(a). Accordingly, the court will sustain Plaintiff's objections and strike the pleading in its entirety.

### III. Conclusion

For the reasons herein stated, the court **denies** Defendant Blanca Estela Martinez Garcia's Motion for More Definite Statement and Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. Further, the court **sustains** Plaintiff Ricarda Price's Objection

to Martinez's Counterclaim and Crossclaim and **strikes** Defendant's March 22, 2011 Original Counterclaim and Crossclaim against Plaintiff Ricarda Price. If Defendant wishes to refile her pleading, she must obtain leave of court or consent from Plaintiff. Accordingly, Plaintiff must file a motion seeking leave by **June 20, 2011,** or obtain consent from Plaintiff by **June 22, 2011.**

**It is so ordered** this 14th day of June, 2011.

*[signature]*
Sam A. Lindsay
United States District Judge