IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICARDA PRICE**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-2202-L** |
| § | |
| **ADRIANA WASHINGTON** as § | |
| *Representative of the Estate of* § | |
| *Gonzalo Orantes, and as Next Friend to His* § | |
| *Minor Children, R.A.O. and J.G.O.,* § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Realign the Parties and/or to Establish the Order of Proof, filed July 6, 2012. After carefully considering the motion, response, record, and applicable law, the court **grants** Defendant's Motion to Realign the Parties and/or to Establish the Order of Proof.

State Farm Insurance Company ("State Farm") originally filed this action on November 2, 2010, as a Complaint for Interpleader against Ricarda Price and Blanca Estela Martinez Garcia, as Representative of the Estate of Gonzalo Orantes. State Farm filed the Complaint for Interpleader because it did not want to subject itself to multiple liability, as more than one person made a claim to the death benefits of a policy issued by State Farm. On December 19, 2008, State Farm issued Policy Number LF-2609-1952 (the "Policy") to Gonzalo R. Orantes ("Orantes") for $500,000. The primary beneficiary designated on the Policy is Ricarda Price ("Price"). On March 3, 2010, State Farm received notification that Blanca Estela Martinez Garcia ("Martinez Garcia") was making an adverse claim for death benefits under the policy on behalf of Orantes's minor children. Martinez

**Memorandum Opinion and Order – Page 1**

Garcia made the claim pursuant to section 1103.102(b) of the Texas Insurance Code. On December 15, 2010, the court entered an agreed order in which State Farm was discharged and released from any further liability or participation in this action, and also discharged State Farm from any claims that the remaining parties might have against it arising out of the Policy or proceeds of the Policy issued to Orantes.

On June 14, 2011, the court realigned the parties to avoid confusion and realigned Price as Plaintiff, as she was the first party to appear and file an answer, counterclaim, and crossclaim. The court realigned Martinez Garcia as Defendant. On December 7, 2011, the court substituted Adriana Washington ("Washington") in place of Martinez Garcia as Representative of the Estate of Gonzalo Orantes and as next friend of his minor children, R.A.O. and J.G.O., because Martinez Garcia resigned as administrator, and a Texas probate court with jurisdiction over the case appointed a new independent administrator. Washington asserts claims for declaratory relief pursuant to Texas Insurance Code sections 1103.151 and 1103.152 and counterclaims for negligence and gross negligence brought pursuant to the Texas Wrongful Death Act and the Texas Survival Statute.

On June 19, 2012, the court issued a memorandum opinion and order denying Plaintiff's Amended Motion for Summary Judgment, as it determined that a genuine dispute of material fact exists with respect to Price's role in brining about or causing the death of Orantes and Washington's wrongful death and survival counterclaims. This case is set for trial on this court's two week docket beginning July 16, 2012.

Washington now seeks an order that permits her, as the party having the burden of proof on the primary contested issues in this case, to open and conclude in adducing evidence and in argument, as well as the right to proceed first in opening statements, follow-up *voir dire* questioning,

and similar matters. Washington further requests that she be realigned as Plaintiff and that Ricarda Price be realigned as Defendant.  Price requests that the court deny Defendant's motion because it violates this court's scheduling order deadlines for filing a nondispositive motion.  Price contends that the deadline to file a nondispositive motion under this court's Amended Scheduling Order was March 16, 2012.  Price asserts that a motion to realign is a nondispositive motion that should have been filed by March 16, 2012.  Price also asserts that Defendant failed to file a motion for leave to show good cause for Defendant's failure to timely file a motion to realign. Further, Price asserts that Defendant cannot demonstrate good cause for the late filing of Defendant's motion to realign because she has not demonstrated diligence, and she has known since her Answer date of December 7, 2010, that she was claiming insurance proceeds due to her contention that Price was involved in willfully bringing about the death of Orantes.

In an interpleader case, each claimant must prove his or her claims and relative priority as to all other claimants. *Celanese Coating Co., Devoe Paint Div. v. Soliz*, 541 S.W.2d 243, 249 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e); *Clifton v. Anthony*, 401 F. Supp. 2d 686, 689 (E.D. Tex. 2005) (interpleader life insurance case where  insured's wife was convicted of murdering him and wife's mother claimed entitlement to the proceeds of two life insurance policies on which she was named a contingent beneficiary.)  The burden of proof on a claimant in an interpleader action is by a preponderance of the evidence. *Id.*; *see also Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).  A party seeking to establish that a beneficiary has forfeited the right to life insurance proceeds must prove by a preponderance of the evidence that the beneficiary willfully brought about the death of the insured.  *Medford v. Medford*, 68 S.W.3d 242, 250 n.3 (Tex. App.—Fort Worth 2002, no pet.) *overruled on other grounds by Mansions in the Forest, L.P. v. Montgomery County*,

365 S.W.3d 314 (Tex. 2012); *ReliaStar Life Ins. Co. v. Thompson*, 2008 WL 4327259, at * 2 (S.D. Tex. Sept. 16, 2008). Thus, as Washington seeks to establish that Price willfully brought about the death of Orantes, she has the burden of proof on such claim. Similarly, Washinton has the burden of proof on her negligence and gross negligence claims. *See Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) ("To prevail on [a] negligence cause of action, [the claimant] must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach.")

A "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has "broad discretion to preserve the integrity and purpose of a pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." *S&W Enterprises. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks and citations omitted).

Although the word "Nondispositive" is listed in the title of paragraph 2 of the Amended Scheduling Order, the body of the paragraph does not set a deadline for filing nondispositive motions; it only sets a deadline for dispositive motions. Accordingly, there is no nondispositive motion deadline. Thus, Defendant's motion is not untimely. Even if one reasonably assumes that the deadline for filing nondispositive motions is the same as that for filing dispositive motions, the court finds that good cause exists for allowing Defendant's motion to realign. Washington has the burden of proof on the primary contested issues in this case. "Normally the party with the burden of proof has the right to open and close the argument to the jury." *Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980). The court believes realignment of the parties and allowing Washington to open and conclude in adducing evidence and in similar matters would aid the jury

in understanding the issues in this case. This will further the court's goals of efficiency and ensuring a fair trial. *See S&W Enterprises*, 315 F.3d at 535. As the court explained in its order of June 14, 2011, there was nothing sacrosanct or formulaic regarding the manner in which the court realigned the parties; the court realigned Price as Plaintiff because she was the first party to appear and file an answer, counterclaim, and crossclaim. The court also determines that realignment is appropriate because Price has not demonstrated that she would suffer any legal prejudice by such realignment. The court further determines that realignment of the parties is in the interest of justice. Moreover, as Price's argument for not realigning the parties is essentially procedural in nature, the court declines to exalt form over substance.

For the foregoing reasons, the court **grants** Defendant's Motion to Realign the Parties and/or to Establish the Order of Proof and **realigns** Adriana Washington, as representative of the estate of Gonzalo Orantes, and as next friend to his minor children, R.A.O. and J.G.O., as Plaintiff and Ricarda Price as Defendant. Adriana Washington shall have the right to open and conclude in adducing evidence and in argument, as well as the right to proceed first in opening statements, follow-up *voir dire* questioning, and similar matters at trial.

The court **directs** the clerk of the court to amend the docket sheet to reflect the alignment of the parties as herein set forth by the court. Accordingly, the caption of this action shall read as follows: **"Adriana Washington,** *as Representative of the Estate of Gonzalo Orantes, and as Next Friend to his Minor Children, R.A.O. and J.G.O.*, **Plaintiff, v. Ricarda Price, Defendant."**

The parties **shall file** an amended pretrial order complying with the realignment of the parties as herein set forth by the court **by close of business on July 13, 2012.** By filing an amended pretrial order, Price has not waived any objection asserted with respect to the realignment of the parties and

the order in which the evidence and argument shall be presented. She is merely complying with a court directive.

**It is so ordered** this 12th day of July, 2012.

Sam A. Lindsay
United States District Judge